UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

## 16-CV-60659-SCOLA/OTAZO-REYES

Jean Lucas
   Plaintiff.

Case No.

-v-

Central Credit Services LLC
   Defendants.



FILED BY ___ D.C.

MAR 29 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### COMPLAINT

Plaintiff, Jean Lucas hereby sues Defendants, Central Credit Services

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(3), Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692k(d) *et seq.*; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI).

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 47 U.S.C § 227(b)(3), 15 U.S.C. §1692k, and Fla. Stat. §47.051. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $5,500.00

5. Plaintiff, Jean Lucas, is a natural person and is a resident of the State of Florida.

6. Defendant, Central Credit Services ("Central Credit Services"), is a Missouri corporation, authorized to do business in Florida.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

8. On or about January 27, 2016 Central Credit Services made the first of 7 calls to Plaintiff's wireless phone number 254-291-6933 from phone number 832-239-5681. Upon

information and belief said number is used by Central Credit Services in it's a debt collection operations.

9. Central Credit Services made at least 7 individuals phone calls to plaintiff's wireless phone beginning January 27, 2016 and continuing through February 24, 2016 using ATDS capable equipment.

10. The calls made to plaintiff's wireless phone were not for emergency purpose and were made without consent to do so, express or otherwise, of the plaintiff having giving at any time.

11. The calls made from the defendant to plaintiff's wireless phone number 254-291-6933 occurred on the following dates and times.

>January 27, 2016 at 6:18 PM;
>January 27, 2016 at 6:18 PM;
>January 28, 2016 at 1:20 PM;
>January 29, 2016 at 10:28 AM;
>February 1, 2016 at 5:34 PM;
>February 2, 2016 at 4:25 PM;
>February 24, 2016 at 6:29 PM;

12. Further, on the several occasions when plaintiff would answer Defendant's calls Defendant would not say anything and there would only dead air.

13. On the several occasions when plaintiff would answer's defendant's calls he stated "stop calling this number" but there was only dead air and it disconnected the call.

14. Plaintiff at or near the time each of the calls was placed to his wireless phone by the defendant made notes of the call details including but limited to the date, and time.

15. Upon information and good-faith belief, the calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS).

16. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

17. Upon information and belief, Defendant placed the calls to the Plaintiff above under its own free will.

18. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to plaintiff's wireless phone number.

19. This complaint is bought within the statute of limitations pursuant to 47 U.S.C. § 227.

20. On February 18, 2016 Defendant sent a letter to Plaintiff attempting to collect on the alleged debt, which was the first letter received from Defendant.

21. On February 22, 2016 Plaintiff sent a certified mail debt validation letter and note stated please do not contact me by phone only in writing another to avoid misunderstanding and communication to Defendant received by February 24, 2016.

22. On February 24, 2016 Defendant call Plaintiff' wireless phone number before Defendant can properly validate the alleged debt.

23. On March 5, 2016 Plaintiff received letter responding to the debt validation but failed to properly validate the debt and Defendant still attempting to collect on the alleged debt.

24. On March 9, 2016 Plaintiff sent a notice of Intent to litigate to the Defendant received by March 14, 2016 in an effort to mitigate damages and settle all claims prior to litigation. Defendant did not response to the notice by the Plaintiff.

## COUNT I
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227
## BY DEFENDANT CENTRAL CREDIT SERVICES

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

26. Plaintiff Jean Lucas is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

27. Defendant Central Credit Services is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

28. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

29. Defendant has committed 7 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $500.00 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. § 1692
## BY DEFENDANT CENTRAL CREDIT SERVICES

30. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

31. Plaintiff is a consumer within the meaning of the FDCPA 15 U.S.C. § 1692a(3)

32. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. § 1692a(6)

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:
   (a) Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt.

   (b) Defendant violated 15 U.S.C. § 1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

   (b) Defendant continued collection activity after receiving debt validation and failed to validation debt before resuming collection activities, in violation of 15 U.S.C. § 2042g(b).

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES
## ACT (FCCPA), FLA STAT. §559(Part VI) BY DEFENDANT
## CENTRAL CREDIT SERVICES

34. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

35. Plaintiff is a consumer within the meaning of §559.55(2)

36. Defendant is a debt collectors within the meaning of §559.55(6).

37. Defendant violated the §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: March 29, 2016

Respectfully submitted,

*/s/ Jean Lucas*

Jean Lucas
406 NW 68th AVE unit # 411
Plantation, FL 33317
254-291-6933



**Central Credit**
(832) 239-5681

2016/02/02

 4:25 PM
Missed

2016/02/01

 5:34 PM
0 min 10 sec

2016/01/29



2016/02/01

 ← 5:34 PM
0 min 10 sec

2016/01/29

 ← 10:28 AM
0 min 59 sec

2016/01/28

 ⤻ 1:20 PM
Missed

2016/01/27

 ← 6:18 PM
0 min 11 sec

 ⤻ 6:18 PM
Missed